IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEJUAN B. THORNTON-BEY,** : | CIVIL ACTION NO. 1:16-CV-666 |
| : | |
| **Petitioner** : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **L.J. ODDO,** : | |
| : | |
| **Respondent** : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner DeJuan B. Thornton-Bey ("Thornton-Bey"), a federal inmate confined at the United States Penitentiary, Allenwood, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be dismissed without prejudice.

**I.   Background**

Following a jury trial in the United States District Court for the Northern District of Illinois, Thornton-Bey was found guilty of possession of a firearm by a felon, possession with intent to distribute a schedule I controlled substance in a public housing authority facility, and using and carrying a firearm in relation to a drug trafficking crime. (Doc. 1, at 15). As a result, he was sentenced to a total of 387 months' imprisonment, and ordered to pay a special assessment of $300.00 and a fine of $3,000.00, due immediately. (Id. at 16, 19-20).

In the present petition, Thornton-Bey challenges the legality of the judgment and commitment order issued by the Northern District of Illinois. Specifically, he contends that the judgment and commitment order is invalid because said document was not properly executed in that it does not bear the court's seal. Thus, he claims that the Bureau of Prisons ("BOP") is unjustifiably enforcing a $3,000.00 fine ordered by the Northern District of Illinois as part of his criminal sentence. For relief, he requests reimbursement of all money the BOP collected from him and an order prohibiting the BOP from enforcing the fine. (Id. at 10).

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

To the extent that Thornton-Bey challenges the validity of the sentencing court's order pertaining to his monetary fine, this court lacks jurisdiction. Thomas v. Miner, 232 F. App'x 207, 208 (3d Cir. 2007) ("federal prisoners may proceed under § 2241 when their challenge is directed to the execution, as opposed to the validity,

of their sentence"); Harding v. Holt, 2012 WL 1598127, *2 (M.D. Pa. 2012) ("[s]ection 2241 does not confer jurisdiction on a federal district court over a challenge to the validity of a sentencing court's restitution order"). Thornton-Bey explains that he challenges the requirement "to pay a 3,000.00 dollar fine brought by a void/fraud order". (Doc. 1, at 2). He claims that "the judgment is 'void' because it does not 'bear' the court[']s 'seal' (FILED) which means it was never properly entered on the docket sheet" and, further, "the judgment is fraud because such document should have never been 'certified stamped'". (Id. at 8). In Gardner v. Bledsoe, 415 F. App'x 384 (3d Cir. 2011), the Third Circuit Court of Appeals determined that the district court lacked jurisdiction to entertain the petitioner's claim under § 2241 because it was a challenge to the sentencing court's restitution order, not the BOP's execution of it.[1] Id. at 386. If, as Thornton-Bey suggests, the BOP is enforcing an allegedly erroneous fine due to an invalid judgment and commitment order, the relief he seeks underscores the fact that he is truly challenging the sentencing court's order,

---

[1] In Gardner, the petitioner alleged that "by ordering him to pay $20,000 in restitution 'immediately,' the sentencing court … failed to consider Gardner's financial ability to pay full restitution all at once and failed to specify a payment schedule in violation of the Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. 3664(f)(2). According to Gardner, the sentencing court impermissibly delegated to the BOP its judicial authority under the MVRA to decide the 'manner in which, and the schedule according to which, the restitution is to be paid.' § 3664(f)(2)." Gardner, 415 F. App'x at 385. In rendering its decision, the Gardner court expressed no opinion as to whether the petitioner may challenge his restitution order through 28 U.S.C. § 2255 or via some other procedural mechanism in the sentencing court. Id. at 386 n.2.

and not the BOP's execution of it.  See Garcia v. Martinez, 2009 WL 1619971 (M.D. Pa. 2009) (petitioner's challenge to the restitution repayment schedule and the imposition of BOP fines and sanctions is not properly asserted in a habeas petition).

Based on the foregoing, the petition (Doc. 1) for writ of habeas corpus will be dismissed.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   May 11, 2016